### CARLE v COURTRIGHT

Ohio Appeals, 2nd Dist, Franklin Co

No 3381. Decided Nov 21, 1941

Henderson, Burr, Randall & Porter, Columbus, for plaintiff-appellee.

B. B. Bridge, Columbus, for defendant-appellant.

## OPINION.

By GEIGER, PJ.

This case is before this Court upon appeal on questions of law from a judgment rendered upon a verdict for $3000.00 returned by a jury, signed by ten members thereof.

It involves an automobile collision occurring about seven miles south of Columbus on Route 23, which is a continuation south from High Street in Columbus, where the same is intersected from the east but not crossed, by a road known as Canal Road. The plaintiff lives on Canal Road and was driving his automobile toward his home and had reached the point where the Canal Road intersects Route 23. At that moment there was a rather heavy congestion of motor vehicles at this point. A truck was proceeding northward, followed by an automobile going in the same direction. The truck, however, turned eastward on Canal Road. the automobile passing it at about that time. There were two cars proceeding southward on Route 23. There was also a car coming out of Canal Road, waiting for an opportunity to turn north on 23. Evidence is introduced tending to show that when the plaintiff reached this point he drew over to the right side of Route 23 to such a position that the improved edge of the highway bisected his automobile. There he stopped waiting until the cars above mentioned had passed. He then looked in his mirror and saw nothing to the north, also looked from his left hand window, stating that he could see for 700 feet. He put out his left hand and started his car across Route 23 to enter into the Canal Road. He did not see the car of the defendant approaching from the north, but it struck his car midway and pushed it to the southeast corner of the intersection and the plaintiff was injured to such an extent that the jury gave him a verdict of $3000.00.

The appellant presents six assignments of error, which we will examine in the order presented.

It is claimed that there was error in the court prejudicial to the defendant when the Court overruled defendant's motion for a new trial based on the ground that one of the jurors was guilty of misconduct on the voir dire examination. During that examination the jurors were examined as to damage claims made on account of injuries and all jurors remained silent. After the trial defendant discovered that one of the jurors had been involved in three accidents; the first being in 1916, which resulted in his arm being taken off as a result of a coal mine accident; one in 1932 when his shoulder was broken in a mine accident, and one subsequent to that, and it is stated that in each of these cases such juror made claim against the Industrial Commission. It is urged and cases are cited in support of counsel's position that the failure of this juror to disclose injuries from which he had suffered and the fact that he had made claim for compensation was prejudicial, and in that the defendant was entitled to further examine him and peremptorily excuse him if such examination disclosed that he had been injured and had presented claims. We do not find any prejudice in overruling the motion for a new trial on account of this so-called disqualification of the juror. The accidents from which he had suffered were in no way similar to the one in which he sat as a juror, two of them at least occurring in coal mine accidents. The fact that he had been in an accident was patent to any observer, as he had lost an arm, and if counsel had thought the matter was of consequence he should have pursued it before the jury was sworn. In addition to this the bill of exceptions does not disclose the facts upon which the assignment is based.

We overrule assignment No. 1.

Assignment No. 2 is to the effect that the Court erred in its general charge to the jury on the provision of §6310-17, which is to the effect that vehicles shall keep to the right of the center or center line of the road except as otherwise provided. Counsel states

that the defendant admitted that he swerved his vehicle toward the left of the road immediately before the collision in an attempt to avoid it. Counsel quotes and criticizes the charge of the Court. We have examined the charge which contains the pertinent statement, "Now if the defendant operated his motor vehicle to the left of the center and that fact, if it be a fact that he operated it to the left of the center, proximately caused the accident, then, of course, that would be said to be negligence. Now, what the fact is, I say you are to determine."

Counsel state that while the violation of this statute is negligence per se, it does not require that the operator of a vehicle keep to the right side of the road under all circumstances, and the claim is made that the defendant's testimony showed that he turned to the left of the middle line of the road in an emergency to avoid a collision caused by the negligence of the plaintiff, and it is claimed that the charge of the court imposed upon the defendant the duty to keep to the right side of the highway under all circumstances and particularly the circumstances in the case as indicated by the defendant's testimony. Had the plaintiff's car remained standing one-half upon the berm and one-half upon the paved highway, the defendant could have passed him █ without crossing the center line, but the defendant claims that inasmuch as plaintiff's car had been started and was half way across the center line that it presented such an emergency as would permit the defendant crossing the center line in order to make a safe passage. We have studied the charge of the Court and find that it was correct, and we overrule assignment No. 2.

Assignment No. 3 is to the effect that the court erred in giving to the jury before argument plaintiff's special request No. 2 to the effect that a person making a left hand turn has the right to assume, in the absence of knowledge to the contrary, that any automobile to his rear is obeying the law and is proceeding at a lawful, reasonable and proper rate of speed. This special charge, in our judgment, is a sound explanation of the law.

Assignment No. 3 will be overruled.

Assignment No. 4 is to the effect that the Court erred in refusing to submit to the jury defendant's special interrogatory No. 3, the question being in effect, "Did the fact that plaintiff did not see the defendant's automobile as it approached the scene of the accident until the actual impact of the two automobiles directly contribute in any degree to cause the accident?" It is claimed by counsel that the refusal to submit this interrogatory █ was prejudicial error for the reason assigned and discussed. We, however, are of the opinion that the court was justified in refusing to submit this interrogatory as its answer would not be determinative of any ultimate fact.

Assignment No. 5 is to the effect that the Court erred in not charging upon the provisions of §6310-19 GC, to the effect that a vehicle overtaking another vehicle shall signal to the vehicle to be overtaken, and such vehicle shall immediately turn to the right and give the overtaking vehicle room to pass. It is claimed that under the testimony the provisions of this section were applicable and that the plaintiff was guilty of negligence per se if he violated it, and that the defendant was entitled to the benefit of its provisions. We are of the opinion that the statute referred to has nothing to do with the circumstances under which the accident occurred, it being a provision confined to the rule to be followed where a faster moving automobile seeks to pass a slower going vehicle, both going in the same direction. Another reason why it is not prejudicial error is that there was no attempt upon the part of counsel to call the █ court's attention to the omission to so charge.

Assignment No. 5 is overruled.

Assignment No. 6 is to the effect that the court erred in awarding interest

**212**

on the verdict from the date of the verdict instead of from the date of the judgment. We have recently passed upon this matter and have held that the date when the inter- est begins to run is the date of the judgment and not of the verdict. To this extent the judgment should be modified.

The jury was called upon to answer several interrogatories. In answer to interrogatory No. 1, they gave an affirmative answer to the question, "Did the plaintiff in the exercise of ordinary care make sure that he could make his left-hand turn in safety?" Interrogatory No. 2 is also answered in the affimative, it being, "Did the plaintiff cause a signal in a way visible outside of his vehicle to be made of his intention to make a left turn?"

Plaintiff's evidence was to the effect that the driver before making the turn looked back and obtained a clear view of the road for 700 feet, and that he saw no oncoming automobile and that he gave a signal of his intention to turn and had reached the middle of the road in the turn before he was struck by the oncoming car. It must have been going at a high rate of speed to have covered 700 feet while the plaintiff's car was merely making a turn and crossing half way over a rather narrow highway.

We have gone over the pertinent parts of the bill of exceptions in this case and while we might not agree with the verdict of the jury, yet we can readily detect that on the evidence as submitted the verdict of the jury was supported and we feel that we should not disturb it.

As automobile drivers of some experience, our theory of the case may differ from that asserted by the plaintiff. It is within common experience that a driver who stops his car in order to permit the passage of traffic may start his car across the pathway of an automobile which he has failed to observe. There is a blind spot in rear vision mirrors which does not permit the driver to detect the close proximity of a car passing upon the left. This,

however, is mere guess upon our part, and we are confined to the evidence as given.

This case is eminently one for a jury, and we are not justified in disturbing it as we find no prejudicial error upon the part of the court.

Judgment affirmed with the modification in reference to the date on which the interest would begin.

BARNES & HORNBECK, JJ., concur.

## APPLICATION FOR REHEARING

No 3381. Decided Dec 8, 1941

BY THE COURT:

This matter is before us on the application for rehearing which counsel states will be confined solely to assignment of error No. 1, which is to the effect that there was error in overruling defendant's motion for a new trial based on the ground that one of the jurors was guilty of misconduct on the voir dire examination.

The application sets out in detail that portion of the Court's opinion relating to the juror question. This Court held that there was no prejudice in overruling the motion for a new trial on account of the so-called disqualified juror. We have read this matter over carefully again, together with counsel's argument, and we adhere to the view that there was no prejudice in this matter. Counsel cites §11419-52 GC which provides that a juror "may be challenged * * * for other cause that may render him at the time an unsuitable juror. The validity of such challenge shall be determined by the Court and be sustained if the Court has any doubt as to the juror's being entirely unbiased".

The matter of the qualification of the juror was within the proper jurisdiction of the Court. There is nothing that indicates that the juror was guilty of misconduct except that it might be urged that he was so guilty by reason of his failure to disclose to counsel the several accidents, none of which re-

lated to automobiles, from which he had suffered. Counsel in his original brief states that during the trial the injury to the juror's arm was discovered and that this was called to the attention of the Court. An inquiry of the juror by the Court disclosed that the injury had been sustained in an accident. The defendant then claimed that the juror withheld important information on the voir dire and asked that a mistrial be declared, which was denied. The claim is made that the information acquired after the trial tended to aggravate the misconduct of the juror, and that the Court should have granted the defendant's request either during the trial or on the motion for a new trial, and it is stated that the failure to do so constituted prejudicial error.

The examination of the jurors on void dire is found on pages 2 to 13 of the bill of exceptions. No question was specifically addressed to the juror in question. On page 7 the interrogatory was propounded to the jurors en banc, "Do any of you know of any reason why you could not act as a juror in this case? Nothing in the case stated so far either by Mr. Stanley or by myself that would disqualify you as a juror in your judgment?" A juror then responded, "I haven't had any accident", to which counsel for defendant stated, "Mr. Stanley asked if any of you had been injured, and I want to ask if any of the members of your family have been in any kind of accident. Now you have told me that you never was injured. Do any other members of the jury find themselves in the same position, that is any member of your immediate family?"

As stated in our original decision we do not see that anything thus far disclosed was a "cause that may render him at the time an unsuitable juror". Counsel quotes the Court as follows: "In addition to this the bill of exceptions does not disclose the facts upon which the assignment is based". Counsel has called our attention to a matter that escaped our notice, the same appearing on page 152, et seq. of the bill

of exceptions. Mr. Murdy, the juror, was then examined and counsel commented that "Your right arm is off above the wrist," and the juror was asked, "How did you lose that arm?"

Answer: "I lost that in a coal mine. I got my arm taken off in a coal mine in 1916". He was inquired of as to whether he made a claim to the Industrial Commission, and was allowed compensation, to which he replied in the affirmative. He was further asked, "Now in 1932, you were also injured in an accident", to which he replied, "Yes", the accident being also a mine accident. And he was again inquired of, "Were you subsequently injured while you were working as a bill-passer", to which he replied, " 'Yes'; that was about, I judge, along about eight or nine years". He was asked if he made a claim on account of that injury, and he responded that he was still drawing compensation. After that matter was presented to the Court the motion for new trial was overruled.

We do not think the accidents from which the juror suffered and upon which he made claims for compensation many years before the trial of the case at bar, render him at the time an unsuitable juror, and the Court so held by overruling the motion for a new trial. While this Court may have been technically in error in stating that nothing appeared in the Bill of Exceptions in reference to the alleged injuries of the juror, we now give consideration to the matter we have just quoted from pages 153 et seq. of the bill of exceptions.

Sec. 11419-52 GC, clearly grants to the Court the right to pass upon and challenge upon the grounds stated in the statute. The statute states that "the validity of such challenge shall be determined by the Court, and be sustained if the Court has any doubt as to the juror's being entirely unbiased". There was no challenge made before the jury was sworn, but the matter was afterwards called to the attention of the Court. Counsel states on page 101 of the bill of exceptions that he intended making some investigation

of the matter, and "if I find that this juror did make a claim against any one arising out of that injury, of course I would make it a basis for a motion for a new trial", to which the Court responded, "I did make inquiry of the juror after it had been called to my attention as you have related, and he made the statement to me that you have read into the record. * * * I am not clear that the juror withheld any information and I am not sure from what I have read that there was any inquiry put to this juror that would require him or did require him to give the information there with reference to his arm. I will overrule it. That can be more carefully looked into at a later date". The later date was at the time the motion for new trial was argued, and counsel asserted the action of the juror was prejudicial, which objection the Court overruled. The statute leaving the validity of the challenge to be determined by the Court with the admonition that it be sustained if the Court has any doubt as to the juror's being entirely unbiased, and the Court having overruled the claim asserted by counsel that the juror was prejudiced, we are not disposed to disturb the verdict as rendered on that account.

Application for rehearing denied.

GEIGER, PJ., HORNBECK & BARNES, JJ., concur.